NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| S.S. and M.S., o/b/o H.S., | |
| Plaintiffs, | Civil Action No. 3:18-cv-2335-BRM-DEA |
| v. | |
| HILLSBOROUGH TOWNSHIP PUBLIC SCHOOL DISTRICT, | **OPINION** |
| Defendant. | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is S.S. and M.S.'s, on behalf of H.S. ("Plaintiffs") Motion to Dismiss Defendant Hillsborough Township Public School District's ("Defendant" or "Hillsborough") Counterclaim (ECF No. 11), Hillsborough's Motion for Summary Judgment (ECF No. 12), and Plaintiffs' Cross-Motion for Discovery (ECF No. 15). Hillsborough filed an Opposition to Plaintiffs' Motion to Dismiss its Counterclaim (ECF No. 13), Plaintiffs filed an Opposition to Hillsborough's Motion for Summary Judgment (ECF No. 14), and Hillsborough filed a Reply Brief to Plaintiffs' Opposition to its Summary Judgment Motion, opposing Plaintiffs' Cross-Motion for Discovery (ECF No. 16). On December 6, 2018, this Court heard oral argument on the three motions. For the reasons set forth below, Hillsborough's Motion for Summary Judgment is **GRANTED** and Plaintiffs' Motion to Dismiss and Cross-Motion for Discovery are **DENIED**

## I. PROCEDURAL AND FACTUAL BACKGROUND

The Hillsborough Township Board of Education operates the Hillsborough Township Public School District and is a local education agency within the meaning of the Individuals with Disabilities Education Act ("IDEA"). (Defendant's Statement of Undisputed Facts (ECF No. 12-2) ¶ 1; Plaintiffs' Statement of Undisputed Material Facts (ECF No. 14-1) ¶ 1.) Plaintiffs' son, H.S., is eligible for special education and related services, as he qualifies as a "child with a disability" pursuant to 20 U.S.C. § 1401(3) of the IDEA. (ECF No. 12-2 ¶ 2; ECF No. 14-1 ¶ 2; Radwan Certification (ECF No. 12-3) ¶ 3.) Hillsborough last evaluated H.S. in 2011, when it conducted various assessments of H.S. as part of a triennial reevaluation, which included social, educational, and psychological evaluations. (ECF No. 12-2 ¶ 3; ECF No. 14-1 ¶ 3.) The assessments "confirmed" H.S. was eligible for special education and related services. (ECF No. 12-2 ¶ 3; ECF No. 14-1 ¶ 3; ECF No. 12-3 ¶ 4.)

On December 12, 2014, the Middle School Child Study Team held a reevaluation planning meeting, whereupon the parents and members of the Child Study Team determined that no additional information was required to determine H.S.'s eligibility for special education benefits. (ECF No. 12-3 ¶ 5.) Tristen Garretson, the case manager at the time, sent out a letter confirming the decision and on the same day notified Plaintiffs they could request additional assessments within fifteen days. (*Id.*) Plaintiffs did not request additional assessments until June 2017, approximately two and a half years after the last reevaluation planning meeting. (ECF No. 12-2 ¶ 5; ECF No. 14-1 ¶ 5.)

On June 5, 2017, Plaintiffs and Hillsborough jointly developed a reevaluation plan in which Hillsborough agreed to conduct a variety of assessments to determine whether H.S. remained eligible for special education and related services. (ECF No. 12-2 ¶ 7; ECF No. 14-1 ¶

7; ECF No. 12-3 ¶ 7.) Thereafter, Plaintiffs signed a consent form explicitly agreeing to the jointly-developed reevaluation plan and the psychological and educational assessments proposed therein. (ECF No. 12-2 ¶ 8; ECF No. 14-1 ¶ 8.) The consent form was attached to a document entitled *Parental Notice Following a Reevaluation Planning Meeting: Additional Assessment Required*, dated June 5, 2017, which explained that Hillsborough would conduct a psychological and educational evaluation as per Plaintiffs' request. (*Id.*; ECF No. 12-3 ¶ 8.)

On June 6, 2017, Plaintiffs e-mailed a letter to Jacqueline Persico ("Persico"), H.S.'s case manager and school psychologist at Hillsborough High School at the time, in which they requested an independent educational evaluation ("IEE") and neuropsychological assessment at Hillsborough's expense. (ECF No. 12-2 ¶ 9; ECF No. 14-1 ¶ 9.) Specifically, the letter stated:

> Dear Mrs. Persico,
>
> Our son [H.S.], is in the 10th grade at Hillsborough High School. He was last evaluated for special education services on December 12, 2011. We are writing to request an Independent Neuropsychological Evaluation at district expense.
>
> We are requesting this evaluation because he was recently diagnosed with panic attacks and anxiety. We are concerned about the role his psychological well-being is playing in his struggles with learning. As a result, we think a full neuropsychological would best help us determine an appropriate program for [H.S.] for next year.
>
> We understand that we already signed our agreement for his proposed program for next year at the meeting on June 5, 2017. However, [H.S.]'s academic performance at the end of the year is not as good as we feel it could be.
>
> We plan to have the independent neuropsychological evaluations performed by Dr. Jane Healey of the Neuropsychological Center of NY and NJ in Ridgewood, NJ.
>
> Please contact Dr. Healey to arrange payment for these services. I will be in touch with her to schedule the evaluation appointment.

> I would like this Independent Neuropsychological Evaluation to be done as quickly as possible so that we can fully address [H.S.]'s needs. We look forward to your response to our request.
>
> Sincerely,
>
> [M.S.]

(ECF No. 12-3, Exhibit 4.)

In response to Plaintiffs' June 6, 2017 letter, Persico attempted to schedule a follow up meeting, and after several attempts, the parties held a meeting to discuss Plaintiffs' concerns and requests. (ECF No. 12-2 ¶ 11; ECF No. 14-1 ¶ 11.) On June 26, 2017, Plaintiffs met with Hillsborough's Director of Special Services, Dr. Suzan Radwan ("Director Radwan"), and Persico. (ECF No. 12-2 ¶ 12; ECF No. 14-1 ¶ 12.) Director Radwan informed Plaintiffs that Hillsborough would not perform the neuropsychological assessment they requested, but that it would perform various testing as part of the psychological assessment Hillsborough agreed it would obtain. (*Id.*) At the meeting, Plaintiffs verbally indicated they were revoking their consent for the psychological and educational assessments that they had previously agreed Hillsborough could obtain. (ECF No. 12-2 ¶ 13; ECF No. 14-1 ¶ 13.)

On June 27, 2017, Director Radwan emailed Plaintiffs informing them they were not entitled to an IEE for H.S., stating in pertinent part:

> I understand that on or around June 6, 2017, you made a written request for an independent educational evaluation ("IEE") of [H.S.], specifically seeking an independent neuropsychological examination. Please consider this written notice, pursuant to *N.J.A.C.* 6A:15-2.3(h)(5), that for the reasons set forth herein, the District is denying your request.
>
> Pursuant to *N.J.A.C.* 6A:14-2.5(c), a parent may request an IEE if there is a disagreement with any assessment conducted as part of an initial evaluation or a reevaluation provided by a district board of education; the evaluation/reevaluation process is utilized for purpose[s] of determining whether a particular student is, or

4

remains, eligible to receive special education and related services. *See also* 34 *C.F.R.* 300.502(b)(1). In other words, that regulation requires that parents: (1) have a disagreement with one or more assessments conducted by the District, and (2) that those assessments were conducted by the public school district as part of either an initial evaluation or as part of a reevaluation.

Please note that the District does not consider your request for an independent educational evaluation (more specifically, an assessment by a neuropsychologist) to be a request falling within the meaning of *N.J.A.C.* 6A:14-2.5(c). As you know, the Child Study Team met with you and developed an evaluation plan for your child as part of the evaluation planning meeting held in the District. That evaluation has not yet been completed. The *Parental Rights in Special Education ("PRISE")* booklet explains that parents have a right to request an IEE, but *only after there is a disagreement with a district evaluation.* Indeed, several excerpts specifically reference this fact, as listed below:

- "If you do not agree with the evaluation or reevaluation done by your school district, you are entitled to ask for ONE independent evaluation. This means that you may decide that the evaluation by the district was not performed correctly or was incomplete, and that you would like an evaluation that is done by others"

- "… you may decide that one or more assessments that your school district completed … were incorrect…"

- "… you may believe that the school district's evaluation should have included…"

- "Once you make a request for an independent evaluation after the school district completes its evaluation or reevaluation…"

In light of those excerpts, it is clear that you are not entitled to an IEE at this time, because the District has not yet completed the evaluation of your child. As we discussed in our meeting, however, the District's psychological evaluation *will include* a variety of other assessments to address the concerns you raised (which you felt would be addressed by the neuropsychological assessment).

In closing, while I unfortunately must deny your request, please know that the District will continue to work with you to provide your child with the opportunity to succeed in his current program.

(ECF No. 12-3, Exhibit 7.)

Hillsborough has not undertaken an evaluation of H.S. since the parties' e-mail exchanges, as Plaintiffs never allowed Hillsborough to evaluate H.S. (ECF No. 12-3 ¶ 16.) Plaintiffs obtained an undated neuropsychological evaluation of H.S. authored by Dr. Healey and conducted on August 14, 16, 23, and 28, 2017, which they sent to Hillsborough on October 16, 2017. (ECF No. 12-2 ¶ 18; ECF No. 14-1 ¶ 18.)

On August 31, 2017, Plaintiffs filed a Petition for due process in the Office of Special Education Policy and Procedure ("OSEPP") pursuant to N.J.A.C. 6A:14-2.7, seeking Hillsborough to reimburse them for the cost of the IEE performed by Dr. Healey. (Plaintiffs' Petition for Due Process (ECF No. 1-1, Ex. A-1).) On October 5, 2017, after the conclusion of the resolution period as required by 20 U.S.C. § 1415(f)(1)(B), OSEPP assigned the matter docket number 2018-26883 and transmitted the file to the Office of Administrative Law ("OAL"). (Plaintiffs' Amended Complaint (ECF No. 5 ¶ 15).) On January 5, 2018, the parties filed Cross-Motions for Summary Disposition. (ECF No. 5 ¶ 16.) On January 19, 2018, then-Acting Chief Judge Laura Sanders, ALJ, issued a final, written decision granting Plaintiffs' Motion for Summary Disposition and ordered Hillsborough to reimburse Plaintiffs for the IEE they obtained for H.S. (ECF No. 5 ¶ 17; ECF No. 1-1, Ex. A-3.) On February 1, 2018, Plaintiffs provided Hillsborough with an invoice for the assessment performed by Dr. Healey in the amount of $4,400. (ECF No. 5 ¶ 19.)

On February 19, 2018, Plaintiffs filed a Complaint with this Court seeking payment of the fees for the assessment as well as attorneys' fees. (Plaintiffs' Complaint (ECF No. 1).) On March 30, 2018, Plaintiffs filed an Amended Complaint (the "Amended Complaint"). (ECF No. 5.) On April 13, 2018, Hillsborough filed an Answer to the Amended Complaint in which it raised, *inter alia*, Counterclaim Six, asserting Plaintiffs signed a consent form explicitly agreeing

6

to the jointly developed reevaluation. (Answer to Amended Complaint (ECF No. 7).)

On June 8, 2018, Plaintiffs filed a Motion to Dismiss Hillsborough's Counterclaim Six. (ECF No. 11.) Also on June 8, 2018, Hillsborough filed a Motion for Summary Judgment. (ECF No. 12.) On July 9, 2018, Plaintiffs filed an Opposition to Hillsborough's Motion for Summary Judgment and a Cross-Motion for Discovery. (ECF No. 15.) Also on July 9, 2018, Hillsborough filed an Opposition to Plaintiffs' Motion to Dismiss its Counterclaim Six (ECF No. 13) as well as a Reply Brief to Plaintiffs' Opposition to its Motion for Summary Judgment. (ECF No. 16). On December 6, 2018, this Court heard oral argument on the three motions. If, on a Motion to Dismiss under Rule 12(b)(6) or 12(c), materials outside the pleadings are presented and not excluded by the court, the motion may be treated as one for summary judgment. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997); *see also Angelastro v. Prudential-Bache Secs., Inc.*, 764 F.3d 939, 944 (3d Cir. 1985). Here, as the parties have each had the opportunity to present evidence and fully brief their summary judgment motions, this Court will analyze the motions under the summary judgment standard.

## II. LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute is genuine only if there is "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party," and it is material only if it has the ability to "affect the outcome of the suit under governing law." *Kaucher v. Cty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts will not preclude a

grant of summary judgment. *Anderson*, 477 U.S. at 248. "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255)); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, (1986); *Curley v. Klem*, 298 F.3d 271, 276-77 (3d Cir. 2002). "Summary judgment may not be granted . . . if there is a disagreement over what inferences can be reasonably drawn from the facts even if the facts are undisputed." *Nathanson v. Med. Coll. of Pa.*, 926 F.2d 1368, 1380 (3rd Cir. 1991) (citing *Gans v. Mundy*, 762 F.2d 338, 340 (3d Cir.), *cert. denied*, 474 U.S. 1010 (1985)); *Ideal Dairy Farms, Inc. v. John Labatt, Ltd.*, 90 F.3d 737, 744 (3d Cir. 1996).

The party moving for summary judgment has the initial burden of showing the basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party bears the burden of persuasion at trial, summary judgment is appropriate only if the evidence is not susceptible to different interpretations or inferences by the trier of fact. *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999). On the other hand, if the burden of persuasion at trial would be on the nonmoving party, the party moving for summary judgment may satisfy Rule 56's burden of production by either (1) "submit[ting] affirmative evidence that negates an essential element of the nonmoving party's claim" or (2) demonstrating "that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Celotex*, 477 U.S. at 330 (Brennan, J., dissenting). Once the movant adequately supports its motion pursuant to Rule 56(c), the burden shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate

specific facts showing that there is a genuine issue for trial." *Id.* at 324; *see also Matsushita*, 475 U.S. at 586; *Ridgewood Bd. of Ed. v. Stokley*, 172 F.3d 238, 252 (3d Cir. 1999). In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. Credibility determinations are the province of the factfinder. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

There can be "no genuine issue as to any material fact," however, if a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322-23. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323; *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992).

### III. DECISION

Plaintiffs argue this Court must deny Hillsborough's Motion for Summary Judgment as Hillsborough failed to file for due process, Hillsborough has no discretion to deny an IEE request, and no statute of limitations applies to Plaintiffs' request for an IEE. (ECF No. 14 at 3-15.) Plaintiffs further contend they are entitled to discovery or a remand prior to the entry of judgment. (ECF No. 14 at 15-17.) Hillsborough argues Plaintiffs are not entitled to an IEE at its expense because such entitlement only arises after parents disagree with an evaluation or reevaluation, Plaintiffs cannot seek reimbursement for an IEE because they refused to consent to the evaluation proposed by the district, and a valid IEE request must be made within two years of the last evaluation or reevaluation, which Plaintiffs failed to do. (ECF No. 12-1 at 3-25.)

### A. Plaintiffs are Not Entitled to an IEE at Hillsborough's Expense

Pursuant to the IDEA, parents of a child with a disability are entitled to obtain an IEE of their child under certain circumstances. *See* 20 U.S.C. § 1415(b)(1). This entitlement is codified in 34 C.F.R. § 300.502, which states that the "parents of a child with a disability have the right under this part to obtain an independent educational evaluation of [their] child, subject to paragraphs (b) through (e) of this section." 34 C.F.R. § 300.502(a)(1). Subsection (b) provides, in pertinent part, that a "parent has the right to an independent educational evaluation at public expense if the parent disagrees with an evaluation obtained by the public agency" provided that the parents file a due process complaint to request a hearing. 34 C.F.R. § 300.502(b). Moreover, the New Jersey Department of Education ("NJDOE") has promulgated its own rules pertaining to requests for IEEs. *See* N.J.A.C. 6A:14-2.5(c). As with 34 C.F.R. § 300.502(b), the NJDOE's promulgated rule provides "[u]pon completion of an initial evaluation or reevaluation, a parent may request an independent evaluation if there is a disagreement with the initial evaluation or a reevaluation provided by a district board of education." N.J.A.C. 6A:14-2.5(c). The NJDOE's rule further provides that a parent shall be entitled to only one independent evaluation at public expense "each time the district board of education conducts an initial evaluation or reevaluation with which the parent disagrees," and the request must specify the assessment the parent is seeking as part of the IEE. *Id.*

Hillsborough argues Plaintiffs' request for an IEE is invalid because Plaintiffs did not disagree with an evaluation or reevaluation, and as such, it did not need to file for due process. (ECF No. 12-1 at 6.) Plaintiffs counter that Hillsborough is not entitled to summary judgment because it failed to file for due process and Hillsborough has no discretion to deny an IEE request. (ECF No. 14 at 5-13.) Plaintiffs were not entitled to an IEE at the time their request was

made. The plain language of 34 C.F.R. § 300.502(b) and N.J.A.C. 6A:14-2.5(c) make clear that parents are only entitled to an IEE at the district's expense when they disagreement with an evaluation or reevaluation that has been completed, which has not occurred in this instance.

In requesting the IEE, Plaintiffs merely note they are requesting the additional evaluation because H.S. "was recently diagnosed with panic attacks and anxiety" and Plaintiffs are "concerned about the role [H.S.]'s psychological well-being is playing in his struggles with learning." (ECF No. 12-3, Ex. 4.) Plaintiffs further state they believe "a full neuropsychological evaluation would best help [them] determine an appropriate program for [H.S.] for [the] next year." (*Id.*) It is uncontroverted that, at the time Plaintiffs made their request, Hillsborough had not yet finished an evaluation of H.S. (ECF No. 12-3, Exs. 4, 7.) As such, there is no evaluation or reevaluation with which Plaintiffs disagree, and accordingly, they were not entitled to an IEE at district expense. *See T.P. ex rel. T.P. v. Bryan Cty. Sch. Dist.*, 792 F.3d 1284, 1293 (11th Cir. 2015)

Plaintiffs cite *Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49 (2005), in support of their argument that they were entitled to an IEE. Plaintiffs' reliance on *Schaffer* is misplaced. As Plaintiffs note, *Schaffer* "indicates an intent to level the playing field as between the parent and the school district." (ECF No. 14 at 10.) However, *Schaffer* does not concern the grounds upon which a parent's right to an IEE is triggered. Rather, *Schaffer* merely makes the broad assertion that the IDEA "ensures parents access to an expert who can evaluate all the materials that the school must make available" but that such entitlement is premised on a parent's "disagree[ment] with an evaluation obtained by a public agency." *Schaffer*, 546 U.S. at 60. Here, Plaintiffs have not disagreed with any evaluations conducted by Hillsborough, and as such *Schaffer* provides no support to their position.

11

Next, Plaintiffs cite *Haddon Twp. Sch. Dist. v. New Jersey Dep't of Educ.*, 2016 WL 416531 (N.J. App. Div. Feb. 4, 2016) in further support of their contention that they are entitled to an IEE at Hillsborough's expense. (ECF No. 14 at 10-11.) *Haddon Twp.* notes that 34 C.F.R. § 300.305(a)(1) "requires the review of existing data as part of an initial evaluation or reevaluation." *Haddon Twp.*, 2016 WL 416531 at *3.[1] In *Haddon Twp.*, data "was reviewed as part of the triennial reevaluation of [the student] to determine the extent of special education services that were necessary and appropriate." *Id.* Therefore, the court determined the OAL's ruling that the student's parents were entitled to an IEE at district expense was not arbitrary and capricious. *Id.* By contrast, Hillsborough offered to conduct several assessments for H.S.'s triennial review. (ECF No. 12-3 ¶ 12.) However, before Hillsborough could perform the relevant assessments, Plaintiffs withdrew their consent thereby preventing Hillsborough from performing any assessments for H.S.'s triennial review. (ECF No. 12-3, Ex. 6.) As such, unlike in *Haddon Twp.*, there was no evaluation relying on the review of some existing data with which Plaintiffs raised a disagreement. Accordingly, the OAL misapplied *Haddon Twp.* to this matter in erroneously concluding Plaintiffs were entitled to an IEE at Hillsborough's expense. (ECF No. 1-1, Ex. A-3.)

Furthermore, when an IEE request is invalid, a school district is not required to file for due process within twenty days. Plaintiffs' withdrawal of consent obviated Hillsborough's requirement to file for due process, as such is necessary only for a school district "show that its [prior] evaluation is appropriate and a final determination to that effect is made following the

---

[1] Section 300.305(a) of Title 34 of the Code of Federal Regulations states, in pertinent part, "[a]s part of an initial evaluation (if appropriate) and as part of any reevaluation under this part, the IEP Team and other qualified professionals, as appropriate, must (1) Review existing evaluation date on the child, including (i) Evaluations and information provided by the parents of the child; (ii) Current classroom-based, local, or State assessments, and classroom-based observations; and (iii) Observations by teachers and related services providers." 34 C.F.R. § 300.305(a).

12

hearing." N.J.A.C. 6A:14-2.5(c)(1); *see also R.L. ex rel. Mr. L v. Plainville Bd. of Educ.*, 363 F. Supp. 2d 222, 235 (D. Conn. 2005) (holding that a school district need not apply for due process where a parent's request for an IEE is invalid, stating, "[w]hen there is no disagreement as to the agency's own evaluation, then there is no need for a due process hearing to determine whether that agency evaluation is appropriate"). Plaintiffs argue the holding in *R.L.* is inapplicable in this matter because it does not consider the twenty-day deadline applicable in New Jersey cases pursuant to N.J.A.C. 6A:14-2.5(c)(1)(ii). However, it is clear from the plain language of the statute that this deadline applies only to matters in which a district is required to file for due process.[2] Accordingly, the fact that *R.L.*, a case arising under Connecticut law and not subject to N.J.A.C. 6A:14-2.5, does not consider New Jersey's twenty-day timeliness rule for filing due process in determining whether a district is *even required to file for due process* is immaterial.

### B. Plaintiffs Cannot Seek Reimbursement for an IEE After Refusing to Consent to an Evaluation or Reevaluation at District Expense

As this Court has determined that Plaintiffs have not made a valid IEE request since Hillsborough has not completed an evaluation or reevaluation, Hillsborough is not required to reimburse Plaintiffs for the evaluation they did procure. Federal courts interpreting this narrow issue have held that where parents do not consent to a triennial evaluation pursuant to 34 C.F.R. § 300.303(b), a school district is "not required to consider any IEE the [f]amily has obtained at private expense prior to the completion of the District's triennial evaluations until such time as

---

[2] Specifically, N.J.A.C. 6A:14-2.5(c)(1) states "independent evaluation(s) shall be provided at no cost to the parent unless the school district initiates a due process hearing to show its evaluation is appropriate and a final determination to that effect is made following the hearing. Upon receipt of the parental request, the school district shall provide the parent with information about where an independent evaluation may be obtained . . . In addition, the school district shall take steps to ensure that the independent evaluation is provided without undue delay; or [n]ot later than 20 calendar days after receipt of the parental request for the independent evaluation, the school district shall request the due process hearing."

13

the triennial completions have been completed and presented to the [f]amily." *T.P. ex rel. T.P. v. Bryan Cty. Sch. Dist.*, 792 F.3d 1284, 1289 (11th Cir. 2015); *see also G.J. v. Muscogee Cty. Sch. Dist.*, 668 F.3d 1258, 1266 (11th Cir. 2012) (holding "[b]ecause no reevaluation had taken place due to the parents' refusal to consent, the district court [correctly] determined that [the parents] had no right to a publicly funded independent educational evaluation").

Plaintiffs do not provide any authority to refute Hillsborough's argument, but merely argue that Hillsborough relies on persuasive, rather than binding, authority in arguing Plaintiffs cannot seek reimbursement. (ECF No. 14 at 12-13.) Plaintiffs further argue Hillsborough must raise a defense concerning reimbursement for an IEE in a due process hearing, however, in support of this proposition, Plaintiffs cite only cases in which the school district was required to file for due process as the parents had submitted valid IEE requests. (ECF No. 14 at 13.) As such, these decisions are distinguishable from the facts in this case. Furthermore, requiring Hillsborough to file for due process in order to avoid reimbursing Plaintiffs would lead to an absurd result in which Hillsborough would be required to file for due process even where parents demand an IEE at district expense to which they are not entitled.

### C. Plaintiffs are Not Entitled to Discovery or to a Remand

Plaintiffs contend they are entitled to discovery, or a remand, pursuant to Federal Rule of Civil Procedure 56(d), arguing discovery is necessary to determine whether Hillsborough had "[come] to the table with an open mind" or "predetermined the assessments that they would urge [Plaintiffs] to accept." (ECF No. 14 at 15.) Plaintiffs further contend they are entitled to discovery to determine whether Hillsborough had sufficient time to perform the evaluation before consent was ultimately revoked. (ECF No. 14 at 16-17.) Hillsborough counters that Plaintiffs are not entitled to discovery as the factual determinations they seek are irrelevant and

have no bearing on the outcome of these motions. (ECF No. 12-1 at 13-15.)

Neither the nature of the discussions between Plaintiffs and Hillsborough concerning H.S.'s potential evaluation nor the window of time Hillsborough had to conduct the evaluation prior to the revocation of parental consent constitute factual disputes sufficient to preclude summary judgment. Plaintiffs initiated contact with Hillsborough regarding H.S.'s evaluation, and Hillsborough responded promptly in a good faith effort to conduct an evaluation. (ECF No. 12-3, Exs. 4, 7.) Nevertheless, Plaintiffs withdrew their consent for the evaluation before an evaluation could be completed, thereby ensuring that no evaluation would take place.

Additionally, the case cited by Plaintiffs in support of their argument, *T.S. v. Matawan-Aberdeen Regional Bd. of Educ.*, Case No. 11443-12, 2014 WL 1847277 (N.J. O.A.L. Apr. 28, 2014), is inapplicable to this matter. The court in *T.S.* held that a "definitive conclusion" reached by a district in placing a student eligible for special education under the IDEA "reached well before completion of the reevaluation without parental participation . . . constitutes a significant impediment to the guardian's decision-making *relative to the provision of FAPE*." *Id.* at *18 (emphasis added). *T.S.* deals with whether a school district *actually* assessed the student and adequately provided a "free appropriate public education" ("FAPE"). *Id.* at *8. This is not at issue here. Unlike in *T.S.*, Hillsborough indicated a willingness to cooperate with Plaintiffs in developing and completing an IEE designed to best place H.S. (ECF No. 12-3, Exs. 4, 7.) Furthermore, it is illogical for Plaintiffs to argue that Hillsborough pre-determined H.S.'s placement before performing an evaluation as Plaintiffs withdrew their consent for the district to perform an evaluation before it could actually do so. As such, it is impossible to decipher whether the decision Hillsborough would have come to was predetermined or based evidence gleaned from an evaluation that never took place. Accordingly, Plaintiffs have not demonstrated

that they are entitled to discovery as the factual disputes it alleges are ultimately immaterial to the disposition of the matter.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Dismiss Defendants' Counterclaim and Cross-Motion for Discovery are **DENIED** and Defendants' Motion for Summary Judgment is **GRANTED.**

Date: January 31, 2019

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**